**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

WALTER D. BARR PLAINTIFF

v. 3:26-cv-00108-LPR-JJV

FRANK BISIGNANO,
Commissioner,
Social Security Administration, DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Walter Barr, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act, because Mr. Barr could perform jobs that exist in the economy in substantial numbers, despite his impairments. (Tr. 25-34.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d

185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend that Plaintiff's Complaint be DISMISSED.

Plaintiff, a high school graduate, was forty years old at the time of the administrative hearing. (Tr. 45.) He has no past relevant work. (Tr. 32.)

The ALJ[1] first found Mr. Barr had not engaged in substantial gainful activity since his alleged onset date of April 14, 2019. (Tr. 27.) He has "severe" impairments in the form of degenerative disc disease, degenerative joint disease, reconstructive surgery of weight bearing joint (hip), depression, somatoform disorder, and post-traumatic stress disorder. (Tr. 28.) The

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

ALJ found Mr. Barr did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 28-30.)

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 30.) The ALJ used the services of a vocational expert to consider available jobs for a hypothetical person with Plaintiff's RFC. (Tr. 55-58.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of dresser, surveillance system monitor and document preparer. (Tr. 33.) Accordingly, he found Mr. Barr was not disabled. (Tr. 33-34.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Plaintiff brings two technical arguments concerning the ALJ's written decision. He first argues that the ALJ failed to comply with Emergency Message-24027 (EM) when determining he could perform the jobs of addresser, document preparer, and surveillance system monitor. (Doc. 10 at 9-12.)

The purpose of the EM is because:

> Descriptions of occupations in the DOT may refer to job materials or processes that have been replaced by more modern materials or processes. Some courts have therefore questioned whether some occupations continue to be performed in the manner in which they are described in the DOT.

EM-24027 REV (Jan. 6, 2026), https://secure.ssa.gov/apps10/reference.nsf/links/01062025092030AM.

The EM sets out that an ALJ "may not cite any of the DOT occupations listed below to support a framework 'not disabled' determination or decision without additional evidence from a

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

VS or VE supporting the [ALJ's] conclusion that, as the occupation is currently performed, its requirements are consistent with the individual's RFC, and [the job exists in significant numbers]." *Id.* Plaintiff says:

> The ALJ, in his decision, did not "include or summarize" the VE's evidence as to why these jobs – which many courts nationwide have questioned as to their "continued widespread existence" – remain available in significant numbers in the national economy. Instead, the ALJ included boilerplate deference to the VE's testimony with no further discussion or clarification for the modern job market that EM-24027 explicitly specifies.

(Doc. No. 10 at 12.)

The Commissioner counters that:

> As an initial matter, EM-24027 does not categorically prohibit reliance on the occupations relied upon by the ALJ. Rather, it requires that when an adjudicator relies on certain occupations, the decision must be supported by additional evidence from a VE or vocational specialist establishing that: (1) the occupation, as currently performed, is consistent with the claimant's RFC; and (2) the occupation, alone or in combination with other work, exists in significant numbers in the national economy. The ALJ satisfied both requirements here.

(Doc. No. 14 at 5-6.)

After carefully considering Plaintiff's argument and the Commissioner's response, I agree with the Commissioner. The purpose of the EM is clear. Technology has advanced and caused changes in how these jobs are performed. The vocational expert explicitly addressed the EM's concern when she testified, "Your Honor, those work processes have changed. That document preparer will use a scanner to scan in a document. Surveillance system monitors work in retail and industrial industries rather than public transportation. And that addresser will use a computer rather than a typewriter, same keyboarding type function." (Tr. 57-58.) While not explicit, it can be inferred by the vocational expert's testimony that she believed these jobs fit squarely into the RFC described by the ALJ. (Tr. 55-57.) And while not preferred, the ALJ's omission of this discussion in his written decision fails to amount to reversible error. The purpose and intent of the EM were

met at the administrative hearing. And Plaintiff and his counsel both heard this testimony, so there is no harm here.

Plaintiff's next argument is also unavailing. The ALJ made a scrivener error and reported that a combined 62,000 dresser, surveillance system monitor and document preparer jobs existed in the economy. (Tr. 33.) Plaintiff correctly says only 18,800 jobs are available nationally. (Doc. No. 10 at 13-14.) But considering this lesser number, I find these jobs exist in the economy in significant numbers. The relevant Regulation explains, "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b). So based on the combined numbers, the total jobs identified by the VE is sufficient. *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)(holding the Commissioner met the step five burden by identifying 10,000 jobs in the national economy).

Lastly, considering both of Plaintiff's arguments, I am persuaded by the United States Court of Appeals for the Seventh Circuit's holding in *Leisgang v. Kijakazi*, 72 F.4th 216, 220 (7th Cir. 2023). The Seventh Circuit held:

> What all this means as a practical matter is that the ALJ is better suited than we are to unpack and untangle objections and concerns regarding the VE's methodology in the first instance. And the ALJ is best positioned to do so when the claimant identifies those objections and concerns expressly, allowing the proper development of the evidentiary record in real time. For the same reasons, several other circuits generally require claimants to exhaust their arguments at the administrative level, with a limited exception for constitutional claims arising out of the Appointments Clause.

*Id.* (citations omitted.)

Just as in *Leisgang*, Plaintiff made no objection to the VE's testimony. Accordingly, I find no reversible error here.

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

And Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, he bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 26th day of October 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE